

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

#20009R01167

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 13, 2011

**BY ECF**

Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Salvatore Cutaia, Jr.
         Criminal Docket No. 10-CR-010

Dear Judge Vitaliano:

    Enclosed please find a proposed Order of Forfeiture.  The government respectfully requests that the Court  "so order" the enclosed.  Please attach Order as part of Judgment.

    Thank you for Your Honor's consideration of this submission.

                      Respectfully submitted,

                      LORETTA E. LYNCH
                      United States Attorney
                      Eastern District of New York

        By:  _____/s/_____
                      Karen R. Hennigan
                      Special Assistant U.S. Attorney
                      (718) 254-6254

Enclosure

SLR:KAN:KRH
F.#2009R01167

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

SALVATORE CUTAIA, JR.,

        Defendant.

- - - - - - - - - - - - - - -X

ORDER OF FORFEITURE

10-CR-0010 (S-5) (ENV)

      WHEREAS, on January 20, 2011, the defendant, SALVATORE

CUTAIA, JR., entered a plea of guilty to Count Twenty-Two of the

above-captioned indictment, charging a violation of 18 U.S.C. §

1951(a), and

      WHEREAS, the defendant has consented to the entry of a

forfeiture money judgment in the amount of ten thousand dollars

and no cents ($10,000.00) in United States currency (the

"Forfeiture Money Judgment") pursuant to 18 U.S.C. § 981(a)(1)(C)

and 28 U.S.C. § 2461(c), as property which constitutes or is

derived from proceeds traceable to a violation of 18 U.S.C. §

1951(a), and/or as substitute assets, pursuant to 21 U.S.C. §

853(p);

      IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent,

by and between the United States and the defendant as follows:

      1.   The defendant shall forfeit to the United States

the full amount of the Forfeiture Money Judgment, pursuant to 21

U.S.C. § 853.

      2.    All payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to "United States Marshals Service," no later than 60 days after defendant's sentencing (the "Due Date").  The defendant shall cause said check to be hand-delivered to Assistant United States Attorney Karen Hennigan, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check.  If the defendant is unable to pay the full amount by the Due Date and needs to establish a payment schedule, his attorney should contact the Office and one can be established. If the Forfeiture Money Judgment is not paid on or before the Due Date, interest on the Forfeiture Money Judgment shall accrue at the judgment rate of interest from the Due Date.

      3.    If the Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any other property up to the value of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p).  The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

4.    The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the money forfeited hereunder, including notice set forth in an indictment or information.  In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said money, and waives all constitutional, legal and equitable defenses to the forfeiture of said money, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.  The forfeiture of the money forfeited hereunder is not to be considered a payment of a fine or restitution or a payment on any income taxes that may be due.  The forfeiture of the money forfeited hereunder is not an admission of the amount of loss for purposes of the calculation of the Sentencing Guidelines or for purposes of the calculation of the amount of restitution.

5.    Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c).

6.    The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

4

7.    Pursuant to Fed. R. Crim. P. 32.2(b)(4)(a), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8.    This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

9.    The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order.

10.   The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Yvette Ramos, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       September   , 2011

_____
HONORABLE ERIC N. VITALIANO
UNITED STATES DISTRICT JUDGE